909 So.2d 754 (2005)
Curtis GATEWOOD, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00348-COA.
Court of Appeals of Mississippi.
August 23, 2005.
*755 Curtis Gatewood, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before BRIDGES, P.J., GRIFFIS and BARNES, JJ.
BRIDGES, P.J., for the Court.
¶ 1. Charged with taking 49.3 grams of marijuana into the Mississippi State Penitentiary, Curtis Gatewood pled guilty before the Sunflower County Circuit Court. The circuit court sentenced Gatewood to a three year term in the custody of the Mississippi Department of Corrections (MDOC) followed by four years of post-release supervision.
¶ 2. On March 17, 2004, Gatewood filed a petition for post-conviction collateral relief. According to Gatewood's petition, Gatewood requested relief because (1) he did not plead guilty voluntarily; (2) his sentence had expired; (3) he was unlawfully in the MDOC's custody; (4) his counsel rendered ineffective assistance; (5) the circuit court violated his right against double jeopardy; (6) the indictment leading to his guilty plea was a defective indictment, and; (7) the circuit court violated his right to due process of law. The circuit court concluded that Gatewood's ineffective assistance of counsel claim lacked merit. As for Gatewood's remaining claims, the circuit court determined that those claims either lacked merit or were waived when *756 Gatewood pled guilty. Accordingly, the circuit court denied Gatewood's motion for post-conviction relief. Aggrieved, Gatewood appeals the circuit court's decision. Gatewood appears to raise numerous claims for our review. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 3. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). "However, where questions of law are raised the applicable standard of review is de novo." Id.

ANALYSIS
¶ 4. Gatewood's petition for post-conviction relief was inartfully drafted, as is his appellate brief. Under such circumstances, this Court takes that fact into account so that any meritorious claim is not lost simply due to the inartful drafting of Gatewood's assertions. Ford v. State, 708 So.2d 73(¶ 12) (Miss.1998). Though Gatewood's allegations are sometimes veritably impossible to decipher, we have done our best to derive Gatewood's meaning.

I.

INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 5. First, Gatewood seems to claim that he received ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, Gatewood bears the burden of demonstrating (1) a deficiency of his counsel's performance that is (2) sufficient to constitute prejudice to his defense. Swington v. State, 742 So.2d 1106, 1114(¶ 22) (Miss.1999) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997)). In deciding whether Gatewood's counsel rendered ineffective assistance, this Court examines the totality of the circumstances surrounding the case. Swington, 742 So.2d at (¶ 22). Gatewood faces a "strong but rebuttable presumption that his counsel's conduct falls within a broad range of reasonable professional assistance." Id. To overcome this presumption, Gatewood must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (citations omitted).
¶ 6. Gatewood claims that his attorney misrepresented the duration of the sentence Gatewood would receive for his guilty plea. According to Gatewood, his attorney informed him that he would serve only three years under the plea agreement. Gatewood argues that his attorney rendered ineffective assistance of counsel because Gatewood later learned that not only would he have to serve three years in the custody of the MDOC, but he would also have to spend four years in post-release supervision. Gatewood opines that the addition of four years of post-release supervision to his three year sentence "was a violation of the federal laws and state laws."
¶ 7. In Rush v. State, 811 So.2d 431(¶ 5) (Miss.Ct.App.2001) this Court held that a party's claim that is based only on the party's individual affidavit is without merit. Gatewood's claim is only supported by his lone affidavit. As such, Gatewood's claim is meritless.
¶ 8. Lack of affidavits notwithstanding, our review as to this claim has been rendered impossible by the fact that *757 Gatewood provided neither his petition on which he entered his plea of guilty nor the guilty plea transcript in the record now before us. However, the record does contain the circuit court's order on Gatewood's motion for post-conviction relief. In that order, the circuit court stated that Gatewood entered an open plea and the court specifically asked him if anyone made any representation to him about the sentence he would receive, and Gatewood replied, "no sir." Gatewood's response convinced the circuit court that Gatewood understood that the court alone would determine what sentence he would receive.

II.

DOUBLE JEOPARDY
¶ 9. Gatewood claims that his double jeopardy rights have been violated because he pled guilty to only one count, yet the indictment listed two counts. He concludes that he has been subjected to multiple prosecutions for the same offense.
¶ 10. "Double jeopardy protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." Greenwood v. State, 744 So.2d 767 (¶ 14) (Miss.1999) (citing White v. State, 702 So.2d 107, 109 (Miss.1997)). Just because his indictment listed two counts does not mean that Gatewood was subjected to double jeopardy when he pled guilty to one count. This allegation is meritless.

III.

PROSECUTORIAL MISCONDUCT
¶ 11. It appears that Gatewood alleges prosecutorial misconduct. Gatewood gives us very little to work with, as his entire argument suggesting prosecutorial misconduct consists of the following: "At paragraph 20, Gray v. State, 549 So.2d 1316, 1321. Found plain error due to prosecutorial misconduct. Griffin v. State 557 So.2d 542 the error Here is fundamental. the state caused the error by improper purpose in excluding evidences."
¶ 12. We have been extremely lenient towards Gatewood regarding our requirements of an argument on appeal. However, no amount of lenience on our part can inform us of what Gatewood means by this sentence.
¶ 13. Gatewood pled guilty to the charge that he took marijuana into Parchman. Both Gray and Griffin involve claims of prosecutorial misconduct based on remarks made during closing arguments. There were no closing arguments involved with Gatewood's guilty plea. This issue lacks merit.
¶ 14. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.