936 So.2d 481 (2006)
Brandon Benard KING, a/k/a Brandon Bernard King, a/k/a Brandon Renard King, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01640-COA.
Court of Appeals of Mississippi.
August 15, 2006.
*482 Brandon Bernard King, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before MYERS, P.J., IRVING and ROBERTS, JJ.
*483 ROBERTS, J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On December 9, 1999, the Pearl River County Grand Jury returned an indictment against Brandon Benard King. The grand jury's indictment alleged that King took $2.00 from an individual based on a threat to whip that individual if he did not pay King $5.00 per week. With the advice of counsel, King ultimately pled guilty to robbery on May 25, 2000. The Pearl River County Circuit Court did not sentence King. Instead, the circuit court withheld adjudication of King's guilty plea under the authority of Mississippi Code Annotated § 99-15-26 (Rev.2000) and ordered King to complete a five year period of probation incident to non-adjudication subject to certain conditions. The circuit court explained that, should King complete that five-year period of non-adjudication, King would have a clean record. This occurred on August 15, 2000.
¶ 2. On October 18, 2002, King was arrested by the Picayune Police Department for possession of a controlled substance. King was alleged to have violated the terms of his non-adjudicated probation in that King: (1) was arrested for possession of a controlled substance, (2) failed to maintain stable employment, (3) tested positive for cocaine on October 9, 2002, and (4) was $1175 in arrears regarding his obligation to pay restitution. On November 13, 2002, King went before the circuit court for a hearing on whether he violated the terms of his non-adjudication. At that hearing, King confirmed that he violated the terms of the non-adjudication agreement.
¶ 3. On November 13, 2002, the circuit court entered an "Order of Adjudication" and found that King violated the terms of his non-adjudication. As such, the circuit court found King guilty of robbery and sentenced King to fifteen years imprisonment but retained jurisdiction under the authority of Mississippi Code Annotated § 47-7-47 (Rev.2004) for up to one year, and placed King in the Regimented Inmate Discipline program. The circuit court also directed King to complete a three month drug and alcohol treatment program after he completed the Regimented Inmate Discipline program. As part of an agreement with defense counsel, the State announced that it would not pursue the possession of controlled substances charge.
¶ 4. On October 1, 2003, the circuit court filed an "Amendment to Order of Adjudication" and found that King completed the Regimented Inmate Discipline program on July 11, 2003. The circuit court also found that King was to be released from the required three month drug and alcohol treatment program on October 3, 2003. As such, the circuit court amended King's November 13, 2002, order, suspended his fifteen years robbery sentence, and ordered that King be placed on probation for five years, again subject to certain conditions. That resentencing was authorized pursuant to the prior retention of jurisdiction under the earned probation statute detailed at Mississippi Code Annotated § 47-7-47.
¶ 5. On February 2, 2004, slightly over four months after being released from custody, the Pearl River County Sheriff's Office arrested King for sale of a controlled substance. On February 20, 2004, King executed a document entitled "Waiver of Rights to Notice and/or Waiting Period Prior to Preliminary Probation Hearing." By that document King waived his rights "to a notice and/or any waiting period prior to hearing the allegations against [him] at any set date of [his] probation preliminary hearing."
*484 ¶ 6. Also on February 20, 2004, King executed a "Waiver of Right to Preliminary Probation Revocation Hearing." By that document, King waived his "right to have charges heard at an informal Preliminary Hearing" and all the rights that he would have had at that preliminary probation revocation hearing. Those rights included rights "to be allowed to be present, speak, present evidence, and cross-examine any witnesses against [him]." That document stated that, should King insist on his right to a preliminary probation revocation hearing, a hearing officer would determine whether there was probable cause to revoke King's probation. Under those circumstances, if the hearing officer decided that there was probable cause to revoke King's probation, King would be detained and a revocation hearing would be scheduled before the circuit court. However, when he executed that document, King waived his right to the administrative hearing and thereby requested "that [he] be granted a formal Revocation Hearing" before the Pearl River County Circuit Court.
¶ 7. There is no transcript of any probation revocation hearing. However, on February 20, 2004, the very same day King signed both waivers, the circuit court filed an "Order of Revocation of Probation." Accordingly, the circuit court remanded King to the custody of the Mississippi Department of Corrections to serve his fifteen year sentence.
¶ 8. On May 8, 2005, King filed a document titled "Motion for Clarification of Sentence Order `Only.'" By his motion, King submitted that, on February 20, 2004, he appeared before the Pearl River County Circuit Court for a probation revocation hearing. King also submitted that, during that hearing, the circuit court judge stated that "this proceeding will be continued until another day because I don't see anything in the file that shows what this probationer is charged with." Apparently, King asked for clarification of his sentence because he had not attended a probation revocation hearing after the circuit court continued the hearing for a later date.[1]
¶ 9. On June 3, 2005, Henderson Jones, law clerk for the Pearl River County Circuit Court, sent King a letter which stated:
By copy of this letter, the Judge's office is instructing the Circuit Clerk of Pearl River County to file your submission entitled "Motion for Clarification of Sentence Order", as it was found to meet the requirements of Miss.Code Ann. § 99-39-9. You are correct in challenging the revocation of your probation in an action for post-conviction collateral relief. See Miss.Code Ann. § 99-39-5(1)(g) ("... his probation, parole or conditional release unlawfully revoked. . .").
You should be aware, however, that pursuant to Miss.Code Ann. § 99-39-11, the Court has considered your filing and has found it to plainly appear to lack valid grounds for relief. Upon review of your claim of post-conviction relief the Court reviewed your court file, 99-K-675. Inside your court file were two documents entitled "Waiver of Right to Preliminary Probation Revocation Hearing" and "Waiver of Rights to Notice and/or Waiting Period Prior to Probation Revocation Hearing." These two files acted together [to] waive your right to having [sic] a preliminary hearing in regard to the revocation of your probation. Please examine the attached documents *485 that are referred to. The documents that you signed clearly outline the rights that you gave up.
Your reference to the Judge's alleged statement at your February 20, 2004 revocation hearing, "this proceeding will be continued until another day because I don't see anything in the file that shows what this probationer is charged with", has no bearing on the effect of the Order of Revocation of Probation that he signed on that same day. The forms mention [sic] above that you signed on February 20, 2004, waived any notice or right to a preliminary hearing. Signing those forms meant that the Court could order the revocation of your probation at any time thereafter.
An order summarily dismissing your petition for post-conviction collateral relief entitled "Motion for Clarification of Sentence Order" is forthcoming and will be delivered to you.
¶ 10. On July 1, 2005, the circuit court entered an order and found that King's motion for clarification of sentence was a petition for post-conviction collateral relief. The circuit court also found that King "asserted a violation of his rights based upon the revocation of his probation and the lack of a hearing on the matter." According to the circuit court, King's "Waiver of Right to Preliminary Probation Revocation Hearing" and "Waiver of Rights to Notice and/or Waiting Period Prior to Probation Revocation Hearing" acted together to waive King's right to a "preliminary hearing in regard to the revocation of his probation." As such, the circuit court dismissed King's motion for clarification.
¶ 11. On July 11, 2005, King filed a "Motion for New Trial: Amendment of Judgment Pursuant to MRCP 59(a)(c) & (e)." King requested that the circuit court set aside the revocation of his probation and reinstate his probation. The circuit court denied King's motion on August 5, 2005. King filed a notice of appeal on August 16, 2005.
¶ 12. On appeal, King submits that the circuit court erred when it (a) dismissed his motion without benefit of an evidentiary hearing, (b) revoked his probation "without first addressing [him] personally," and (c) when it did not transcribe the probation revocation proceedings.

STANDARD OF REVIEW
¶ 13. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Gatewood v. State, 909 So.2d 754(¶ 3) (Miss.Ct.App.2005). "However, where questions of law are raised the applicable standard of review is de novo." Id.

ANALYSIS
¶ 14. There is no question that King has experienced extraordinary leniency from the circuit court. After King threatened to whip a fifteen-year-old, whom King designated as his "white boy," unless he paid King $5.00 per week, and then took $2.00 from that young man under threat, the circuit court placed King on non-adjudicated probation. Non-adjudicated probation is not available to those who commit crimes against a person. Miss.Code Ann. § 99-15-26 (Rev.2000). Under Mississippi Code Annotated § 97-3-77 (Rev.2000), robbery is a crime against a person. When King was arrested for possession of a controlled substance, he violated the terms of that probation. As such, the circuit court retained jurisdiction under Section 47-7-47 and placed King in the Regimented Inmate Discipline program. In less than a year, King completed the regimented inmate discipline program and three months of *486 drug and alcohol treatment. Accordingly, the circuit court gave King a third chance, suspended his fifteen year sentence, and placed him on probation for five years. Slightly more than four months after King was placed on probation, he was arrested because he, again, allegedly violated the narcotics laws; this time by selling controlled substances.
¶ 15. Though King does not explicitly state such in his initial brief, it appears that King complains that the circuit court erred when it revoked his probation in his absence. In any event, this Court takes King's pro se status into account so that any meritorious claim is not lost simply due to inartful drafting. Gatewood, 909 So.2d at (¶ 4).
¶ 16. The United States Supreme Court set forth the minimum due process requirements applicable to probation revocation hearings in Gagnon v. Scarpelli, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Payton v. State, 845 So.2d 713(¶ 22) (Miss.Ct.App.2003). Mississippi Code Annotated § 47-7-37 (Rev.2004) incorporates the due process requirements set forth in Gagnon. Payton, 845 So.2d at (¶ 22).
These requirements are: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of the evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer finds good cause for not allowing such confrontations); (5) a neutral and detached hearing body or officer; and (6) a written statement by the fact finder as to the evidence relied on and reasons for revoking the probation.
Id.
¶ 17. As for an indigent's right to have counsel provided for him at a probation revocation hearing, "there is no automatic right to counsel at hearings for the revocation of probation." Baldwin v. State, 891 So.2d 274(¶ 12) (Miss.Ct.App. 2004) (citing Riely v. State, 562 So.2d 1206, 1209 (Miss.1990)). "Whether probationers have a right to counsel must be answered `on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system.'" Riely, 562 So.2d at 1209 (quoting Gagnon, 411 U.S. at 790, 93 S.Ct. 1756). "Because the `facts and circumstances in [revocation] hearings are susceptible of almost infinite variation,' the United States Supreme Court opined that `[i]t is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines' for determining when counsel must be provided in order to meet due process requirements." Id. Still, it is clear that "[a] probationer has the right to appointed counsel at a revocation hearing when the issues are complex or otherwise difficult to develop." Id. "Finally, `[i]n every case in which a request for counsel at a . . . hearing is refused, the grounds for refusal should be stated succinctly in the record.'" Id.
¶ 18. The clear question is whether the circuit court afforded King his due process rights to an opportunity to be heard in person and the right to confront and cross-examine adverse witnesses. According to the circuit court, in both Henderson Jones's letter to King and the circuit court's July 1, 2005 order, "King's `Waiver of Right to Preliminary Probation Revocation Hearing' and `Waiver of Rights to Notice and/or Waiting Period Prior to Probation Revocation Hearing' acted together to waive King's right to a `preliminary hearing in regard to the revocation of his probation.'" We disagree. King's right to a preliminary probation revocation hearing *487 is not at issue. Rather, at issue is King's right to be present at his actual probation revocation hearing. It appears that these waivers were an effort to provide King those protections mandated by the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 487-88, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon. See also Rusche v. State, 813 So.2d 787(¶ 7) (Miss.Ct.App.2002) (holding that Morrissey and Gagnon "require both (a) a preliminary proceeding, in the nature of a probable cause hearing, to be held promptly after a probationer is detained for an alleged parole or probation violation, and (b) a more formal final revocation hearing.")
¶ 19. True enough, King waived his right to a preliminary revocation hearing. In so doing, King did not waive his right to be present at a formal probation revocation hearing. King's waiver stated that he would receive a revocation hearing before the circuit court. King also waived his right to notice of the preliminary probation hearing. Regardless, it is clear that the preliminary probation revocation hearing and the actual probation revocation hearing are two separate processes. King's waiver of preliminary probation hearing, in effect, acted as King's stipulation that there existed probable cause for revocation of his probation that justified his continued detention until an actual revocation hearing and that he elected to proceed directly to the probation revocation hearing before the circuit court. That King waived his right to the administrative hearing had no bearing on his right to be present at the final revocation hearing. Likewise, King's waiver of notice of the preliminary hearing had no bearing on his right to be present at the final revocation hearing.
¶ 20. It appears that King was present at the initial probation revocation hearing and that the circuit court continued that hearing because the circuit court judge did not "see anything in the file that shows what [King was] charged with." However, the circuit court revoked King's probation that same day. We have no transcript of King's probation revocation hearing. We are unable to definitively state that King was or was not present when the circuit court revoked King's probation. We think an evidentiary hearing is necessary to resolve that question. Because the circuit court summarily dismissed King's petition for post-conviction collateral relief without conducting an evidentiary hearing, we remand this matter for such a hearing. This opinion should not be construed in any way as to suggest a particular outcome of that hearing. Suffice it to say, however, that King has established enough to prohibit summary dismissal under Mississippi Code Annotated § 99-39-11(2) (Rev.2000), to require the State to file an answer, and to proceed to an evidentiary hearing.
¶ 21. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] King claims in his reply brief that he did not commit any sale of controlled substances and that the charge was later dropped.