940 So.2d 958 (2006)
Leon WHITE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01300-COA.
Court of Appeals of Mississippi.
October 24, 2006.
Leon White, pro se, attorney for appellant.
W. Daniel Hinchcliff, Office of the Attorney General, attorney for appellee.
Before MYERS, P.J., GRIFFIS, BARNES and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. Leon White was incarcerated in the Clay County jail on a misdemeanor charge of disturbing the peace. While in custody, White set fire to the mattress in his cell and, on a separate occasion, assaulted a law enforcement officer.
¶ 2. On October 10, 2002, a Clay County grand jury returned a two count indictment against White for arson, in violation of Mississippi Code Annotated Section 97-17-7 (Rev.2000), and simple assault on a law enforcement officer, in violation of Mississippi Code Annotated Section 97-3-7 (Rev.2000). The statutes were identified at the top of the indictment. The portion of the indictment on arson read:
that Leon White . . ., on or about the 4th day of September, 2002, in the County aforesaid, did unlawfully, wilfully, *959 and feloniously, and maliciously set fire to and burn bedding, of a value in excess of $25.00, at the Clay County Jail which was the personal property of Clay County. . . .
¶ 3. On July 14, 2003, the circuit court accepted White's guilty plea. The plea hearing began with the assistant district attorney announcing that White agreed to plea guilty to count 1 of the indictment, which charged White with arson. The court proceeded with an examination of White. The court advised White of his rights and then the following was said:
JUDGE: Is that what you want to do is waive all these rights and plead guilty to the charge of arson of a jail cell?
WHITE: Well, it was just the mattress, your honor.
JUDGE: Right. Well, in the law for arson, all you've got to do is light it and set something on fire, whether it's your mattress or the paint on the wall or the bars. If you burn any part of that facility there, you don't have to burn it to the ground. All you have to do is burn part of it and that's enough. Is that what you want to do is plead guilty to the crime of arson.
WHITE: Yes, sir.
. . . .
JUDGE: For the crime of arson, Mr. White, I must give you at least one year to serve and I could give you up to ten years to serve and I could fine you up to $10,000. Are you aware of the fines and punishment?
WHITE: Yes, sir.
JUDGE: After being advised of all of your constitutional rights, the elements of the offense, and the maximum and minimum sentences and fines, how do you plead to the charge of second degree arson?
WHITE: I plead guilty.
¶ 4. The State then recommended that White be sentenced to five years incarceration to be followed by five years post-release supervision, with any fine determined by the court. The State also recommended that count 2, simple assault on a law enforcement officer, be retired to the files. The court accepted the State's sentencing recommendation.
¶ 5. In his motion for post-conviction collateral relief, White argues that the sentence given exceeds the statutory maximum. He argues that Section 97-17-7 provides for a maximum sentence of three years imprisonment, and his total sentence of ten years, five to serve and five on post-release supervision, exceeds the statutory maximum.
¶ 6. In response, the State appears to concede this point without actually saying White is correct. The State admits that this issue is "problematic." The State continues with the following argument:
The record as it stands, arguably supports White's contention that his sentence was not the appropriate sentence for the crime to which he plead. While he has failed to provide the indictment under which he was charged, the plea colloquy would indicate that White was charged under Miss.Code Ann. § 97-17-7, Arson, third degree, which concerns the burning of the personal property of another. Such is the factual basis for the plea as presented by the State. White only admits to setting fire to a mattress. Although an admission at a plea need only admit minimal facts [footnote omitted], it is arguably probable in this case given the statement of underlying facts given by the State that White was in fact indicted under Miss.Code Ann. § 97-17-7 rather than Miss.Code Ann. § 97-17-5 and that some degree of confusion prevailed at the plea hearing. As arson, third degree, provides for a *960 sentence of up to three years, this Court, upon its examination of the existing record, could conceivably find a basis for ordering a hearing herein to determine if Appellant should be re-sentenced.
We recite the Attorney General's argument verbatim because we view it as a concession and agree with it.
¶ 7. A trial court's denial of a motion for post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
¶ 8. Count 1 of the indictment[1] clearly charged White with the violation of Section 97-17-7, which provides:
Any person who wilfully and maliciously sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of any personal property of whatsoever class or character; (such property being of the value of twenty-five dollars and the property of another person), shall be guilty of arson in the third degree and upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than three years.

(emphasis added).
First degree arson is codified at Mississippi Code Annotated Sections 97-17-1 and 3 (Rev.2000). Second degree arson is at Mississippi Code Annotated Sections 97-17-5 (Rev.2000), and it provides for the burning of any building a sentence of "not less than one nor more than ten years."
¶ 9. White was charged with third degree arson under Section 97-17-7. The State admits that "White was in fact indicted under Miss.Code Ann. § 97-17-7 rather than Miss.Code Ann. § 97-17-5 and that some degree of confusion prevailed at the plea hearing." The State provides no authority for the proposition that White could possibly plead guilty to a charge that allowed a greater penalty than the charge upon which he was indicted. The State does not provide us with an amended indictment.
¶ 10. Instead, there is no doubt that White was erroneously sentenced under Section 97-17-5, arson in the second degree, which has a maximum sentence of ten years. Unfortunately, neither the district attorney nor White's attorney recognized this error and brought it to the circuit judge's attention. The circuit judge proceeded to sentence White under the sentence allowed under Section 97-17-5 instead of Section 97-17-7. The State admits it was "problematic" but offers no authority that would allow us to affirm the sentence or the circuit court's decision to deny the motion for post-conviction collateral relief.
¶ 11. Accordingly, we reverse the circuit court's denial of White's motion for post-conviction collateral relief. We remand for the circuit court to resentence White consistent with the terms of Section 97-17-7, for a maximum term of three years.
¶ 12. We also note that the State made an alternative argument.
In the alternative, if the plea is set aside as the Appellant urges, then pursuant to *961 Myers v. State, 583 So.2d 174, 178 (Miss.1991) and Sanders v. State, 440 So.2d 278, 288 (Miss.1983) White should be subject to being tried on both the arson charge and the charge of simple assault upon a law enforcement officer which was "retired to the files."
Having read both Myers and Sanders, we find no authority to grant the State's alternative relief. In both of these cases, the plea was set aside. But, neither case considers a charge "retired to the files." Here, we do not set aside the plea. White pled guilty to the charge that he was indicted on. There was no amended indictment to charge White with second degree arson. It is clear that White's sentence exceeded the statutory maximum. The question of whether the State may take action on the charge "retired to the files" was not briefed in this case. Thus, we will allow that issue to remain for another day. We render no decision as to the actions the State may or may not take on the charge that was retired to the files.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DISMISSING POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR RESENTENCING. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] This Court obtained a copy of the indictment from the Clay County Circuit Clerk. We take judicial notice of the indictment. The State argues that White failed to attach it to his motion. Indeed, he did. However, the indictment was in the circuit court file and was available to the circuit court and the State. We would have preferred that the State supplement the record to ensure that we had the indictment.