979 So.2d 1 (2007)
Steven FINN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CA-00393-COA.
Court of Appeals of Mississippi.
June 26, 2007.
Rehearing Denied October 23, 2007.
John Carl Helmert, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., IRVING and ROBERTS, JJ.
KING, C.J., for the Court.
¶ 1. Steven Finn appeals the Lee County Circuit Court's decision denying his post-conviction relief motion. On appeal, Finn *2 argues that he is serving an illegal sentence because his underlying conduct had not been declared criminal by the appropriate statute. Finding error in the trial court's denial of post-conviction relief, we reverse and render.

FACTS
¶ 2. On February 7, 2004, Steven Finn was indicted by a Lee County grand jury for the unlawful possession of pseudoephedrine in a quantity greater than fifteen grams, and where he knew or should have known that the pseudoephedrine would be used to unlawfully manufacture a controlled substance, in violation of the Uniform Controlled Substance Act of the State of Mississippi, Mississippi Code Annotated Sections 41-29-101 to -187 (Rev.2005). Finn possessed 180 commercially manufactured and unaltered tablets of pseudoephedrine at the time of his arrest.
¶ 3. On July 7, 2005, the circuit court conducted a guilty plea and sentencing hearing. At the hearing, Finn pled guilty and the court sentenced him to five years in the custody of the Mississippi Department of Corrections with three of those years suspended.
¶ 4. Finn filed his petition for post-conviction relief on August 16, 2005. He argued that his sentence was illegal because the specific statute he was charged under, Miss.Code Ann Section 41-29-313(2)(c)(ii) (Rev.2006), does not criminalize the possession of greater than fifteen grams of pseudoephedrine if the pseudoephedrine is solely in dosage form. The trial court ordered the State to file a written response to the post-conviction motion. The State responded by asserting Section 41-29-313 grants prosecutors discretion in the unit of measurement used to prosecute the pseudoephedrine possession, whether in grams or tablets. The circuit court, after reviewing both Finn's motion and the State's response, found that Finn had been sufficiently informed of his rights and the consequences of entering a guilty plea. The court agreed with the State's position and summarily dismissed Finn's motion for post-conviction relief without addressing the legal application of Section 41-29-313. On March 8, 2006, Finn filed his notice of appeal of the circuit court's decision.

STANDARD OF REVIEW
¶ 5. This Court will not disturb a trial court's factual findings in its decision to deny a petition for post-conviction relief unless the findings are clearly erroneous. King v. State, 936 So.2d 481, 485 (¶ 13) (Miss.Ct.App.2006). However, where questions of law exist, the review is de novo. White v. State, 940 So.2d 958, 960(¶ 7) (Miss.Ct.App.2006). The issue before this Court is one of law.

ANALYSIS
Whether the trial court erred in dismissing Finn's post-conviction relief motion.
¶ 6. Finn asserts that the trial court erred in dismissing his post-conviction relief motion because he is serving an illegal sentence. Finn was charged with unlawful possession of pseudoephedrine under Section 41-29-313(2)(c)(i), which reads as follows:
It is unlawful for any person to purchase, possess, transfer or distribute two hundred fifty (250) dosage units or fifteen (15) grams in weight (dosage units and weight as defined in Section 41-29-139) of pseudoephedrine or ephedrine, knowing, or under circumstances where one reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance.
*3 ¶ 7. At issue is in this case is whether Section 41-29-313 grants prosecutors discretion in determining the measurement units (either dosage units or weight in grams) that are used to prosecute pseudoephedrine possession cases or whether, as Finn asserts, there is a statutory preference for prosecutors to use particular measurement units.
¶ 8. Finn was arrested while in possession of one hundred eighty unaltered tablets of pseudoephedrine. After Finn's arrest, the Tupelo (Mississippi) Crime Lab analyzed the drugs and concluded that one hundred twenty tablets of the pseudoephedrine weighed 18.05 grams and the remaining sixty tablets of the pseudoephedrine weighed 37.52 grams. The total weight of the drugs was 55.57 grams. Finn's possession of one hundred eighty tablets falls below Section 41-29-313(2)(c)(i)'s prohibition of possessing two hundred fifty dosage units but above the prohibition of possessing fifteen grams in weight. The State charged Finn with possession of greater than fifty-five grams. The State argues that it is within the discretion of the prosecutors as to whether the State will use dosage units or weight in grams in prosecuting defendants who unlawfully possess pseudoephedrine.
¶ 9. This is a case of first impression in the State of Mississippi. The Court bears in mind that criminal statutes must be strictly construed, and any ambiguous interpretations must be resolved in favor of leniency. United States v. Enmons, 410 U.S. 396, 411, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973).
¶ 10. This Court finds that the legislative intent in Section 41-29-313 is clear and unambiguous. The law criminalizes the unlawful purchase, possession, transfer, or distribution of "two hundred fifty (250) dosage units or fifteen (15) grams in weight (dosage unit and weight as defined in Section 41-29-139) of pseudoephedrine or ephedrine. . . ."
¶ 11. The statute's interpretation turns on the definition of the measuring units "dosage unit and weight." Section 41-29-139(c) (Rev.2006) defines dosage units and weight, in pertinent part, as the following:
"Dosage unit (d.u.)" means a tablet or capsule, or in the case of a liquid solution, one (1) milliliter. In the case of lysergic acid diethylamide (LSD) the term, "dosage unit" means a stamp, square, dot, microdot, tablet, or capsule of a controlled substance. For any controlled substance that does not fall within the definition of the term "dosage unit," the penalties shall be based upon the weight of the controlled substance. (emphasis added).
The legislature has established that dosage units are to be considered the standard form of measuring unlawful possession of pseudoephedrine or ephedrine. The weight of the drug is considered a default measurement for those cases where the drug is not found in a "dosage unit" form.
¶ 12. The State asserts that Section 41-29-313 clearly allows prosecutors discretion as to how to charge defendants under the statute. Prosecutors are generally afforded discretion regarding a range of decisions, such as what charges to file against defendants and whether or not to prosecute a defendant at all. Watts v. State, 717 So.2d 314, 320(¶ 14) (Miss.1998). Section 41-29-313, however, does not provide any discretionary privileges to prosecutors concerning the unit of measurement that should be used in prosecuting these drug cases.
¶ 13. It is well-settled law that a defendant's right to be free from an illegal sentence is a fundamental right. Alexander v. State, 879 So.2d 512, 514-15 (¶ 9) (Miss.Ct.App.2004). The trial court erred *4 in denying Finn's post-conviction relief motion. Finn has sufficiently proved, by the preponderance of the evidence, that he is entitled to post-conviction relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss. 1989). In the interest of justice, this Court is required to act accordingly, and reverse and render the trial court's decision that denied Finn's post-conviction relief request.
¶ 14. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
MYERS, P.J., CHANDLER, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J., GRIFFIS AND BARNES, JJ.
IRVING, J., Dissenting:
¶ 15. The indictment against Finn charged:
That Steven Finn . . . on the 17th day of November, A.D., 2004, did willfully, unlawfully, and feloniously have in his possession a quantity of pseudoephedrine, said quantity being greater than 15 grams, knowing or under circumstances where one reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance, in violation of the Uniform Controlled Substances [Law] of the State of Mississippi.
¶ 16. The majority finds that the indictment did not charge a crime. I disagree; therefore, I respectfully dissent. It is clear to me that the indictment charged Finn with violating Mississippi Code Annotated section 41-29-313(2)(c)(i) (Rev.2005), which reads:
It is unlawful for any person to purchase, possess, transfer or distribute two hundred fifty (250) dosage units or fifteen (15) grams in weight (dosage unit and weight as defined in Section 41-29-139) of pseudoephedrine or ephedrine, knowing, or under circumstances where one reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance.[1]
¶ 17. There is no dispute that Finn possessed more than fifteen grams of pseudoephedrine. The report of the chemical analysis of the pseudoephedrine tablets indicates that Finn possessed a total of 55.7 grams of pseudoephedrine which was contained in 180 tablets. One hundred twenty of the tablets contained 18.05 grams of pseudoephedrine, and the other sixty tablets contained 37.52 grams of pseudoephedrine.
¶ 18. The majority reasons that, since Finn possessed the pseudoephedrine in tablet form, he had to possess at least 250 tablets to be in violation of the law, or more specifically, to be in violation of section 41-29-313(2)(c)(i). In my judgment, this is a misreading of the plain meaning of the aforesaid code section. It is not debatable that section 41-29-313(2)(c)(i) is written in the disjunctive, meaning that one violates this section if he possesses either 250 dosage units or fifteen grams in weight of the prohibited precursor. The *5 majority rejects the plain wording of the statute, explaining that the statute does not prohibit fifteen or more grams of pseudoephedrine as long as it is comprised of less than 250 tablets or capsules. The majority further explains that "[t]he weight of the drug is considered a default measurement for those cases where the drug is not found in a `dosage unit' form" and that "[t]he legislature has established that dosage units are to be considered the standard form of measuring unlawful possession of pseudoephedrine or ephedrine." As support for this view, the majority relies upon a provision in section 41-29-139(c) which states: "For any controlled substance that does not fall within the definition of the term `dosage unit,' the penalties shall be based upon the weight of the controlled substance." It is interesting that the majority relies on this provision, because the plain wording of the provision shows that it implicates the penalties to be applied, not the standard for adjudging illegal possession.
¶ 19. According to the majority's reasoning, not only is it not illegal to possess fifteen grams of pseudoephedrine or ephedrine, but it is not illegal to possess any amount greater than fifteen grams as long as the pseudoephedrine or ephedrine is comprised of less than 250 tablets or capsules. Again, considering the plain, unambiguous wording of section 41-29-313(2)(c)(i), it is mystifying to me that the majority concludes that the container is more important than the drug.
¶ 20. Beyond looking at the plain meaning of section 41-29-313(2)(c)(i), in an effort to decipher the legislature's intent, it is perhaps helpful to consult a pertinent portion of the succeeding subsection, 41-29-313(2)(c)(ii), which states: "Except as provided in this subparagraph, possession of one or more products containing more than twenty-four (24) grams of ephedrine or pseudoephedrine shall constitute a rebuttable presumption of intent to use the product as a precursor to methamphetamine or another controlled substance." If the legislature did not intend to criminalize possession of less than 250 dosage units of pseudoephedrine or ephedrine, no matter the gram weight, how could the presumption ever apply to possession of dosage units? Further, why would the legislature provide for a presumption for possessing pseudoephedrine or ephedrine in some form other than dosage units but not provide for a presumption as to possession of dosage units? Such a choice would lack rationality and would be nonsensical, unless the legislature believed that by the very nature of the number of capsules or tablets possessed, a reasonable inference of unlawful use would follow. Therefore, it appears to me that the more logical explanation is that the legislature intended, as indicated by the choice of language employed, to criminalize the possession of fifteen or more grams of pseudoephedrine or ephedrine, no matter the form it may be in, and the possession of 250 dosage units of pseudoephedrine or ephedrine, even if the units do not amount to fifteen grams by weight. Such a construction of the statute makes sense in light of the fact that the legislature used the weight measure, not the dosage unit measure, in establishing the presumption. It is an entirely reasonable assumption that the legislature may have believed that possession of large quantities of tablets would naturally lead to a reasonable inference (therefore no need for a statutory presumption) that the possession was not for a lawful purpose.
¶ 21. Even though I would affirm the trial court on the basis of the reasons just discussed, I mention one other point of interest. This case has its genesis in a plea bargain. As I have already stated, Finn was charged with possession or more than fifteen grams of pseudoephedrine or *6 ephedrine. He pleaded guilty and received a five-year sentence with three years suspended, although no part of the sentence should have been suspended because, at the time of sentencing, Finn was a prior convicted felon. Miss.Code Ann. § 47-7-33(1) (Rev.2004). In sentencing Finn, the trial judge deviated from the State's recommendation that Finn be sentenced to a five-year suspended sentence. Aggrieved by the trial court's action, Finn filed the motion for post-conviction relief out of which this appeal emanates. In support of his PCR motion, Finn attached an affidavit containing the following paragraph:

Originally, on the advice of counsel, I considered filing a Motion to Quash the Indictment based on the theory that even if all of the facts in the indictment were true, no crime was alleged. However, after plea negotiations concluded, I had been offered a probationary sentence as the recommendation of the State of Mississippi. After weighing my options, and with the advice of counsel, I decided that a Motion to Quash the Indictment was too risky in the face of a probationary sentence. Thus, I elected to enter a guilty plea to this indictment. However, at no time did I consider my actions to be criminal. I decided to enter a plea based upon the recommendation that would be offered by the State of Mississippi, purely as a practical decision to avoid the risk of having the trial court deny my Motion to Quash the Indictment.
(emphasis added).
¶ 22. It is clear that Finn engaged in plea discussions and extracted a very good plea deal from the State. While the record does not indicate that the status of Finn's indictment was a part of the plea discussions, it would seem logical that it was discussed, particularly considering the fact that, at that time, Finn did not believe that the indictment charged him with a crime.
¶ 23. A strong and plausible argument could be made that Finn should be estopped from pursuing the issue of the sufficiency of the indictment in his post-conviction proceedings since he made a conscious decision not to pursue this issue at the trial court level. Additionally, he may have leveraged this issue during his plea discussions with the prosecutor to gain a very favorable plea deal. If so, it would be inherently unfair to allow him to first reap the benefit of his bargain and later allow him to assail a key underlying fact which may have given rise to the bargain in the first place. Nevertheless, for the reasons discussed regarding the proper construction and interpretation of the statute, I would affirm the trial court, as I find that Finn was properly indicted under section 41-29-313(2)(c)(I).
LEE, P.J., GRIFFIS AND BARNES, JJ., JOIN THIS OPINION.
NOTES
[1] Section 41-29-139(c) defines a dosage unit of pseudoephedrine as a tablet or capsule. This section also provides that "[t]he weight set forth [in the control substances statutes] refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substances." Further, this section provides that "[f]or any controlled substance that does not fall within the definition of the term `dosage unit,' the penalties shall be based upon the weight of the control substance."