990 So.2d 225 (2008)
Dwight BRIDGES a/k/a Hawk a/k/a Hawkeye, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00718-COA.
Court of Appeals of Mississippi.
February 5, 2008.
Rehearing Denied June 24, 2008.
Certiorari Denied September 4, 2008.
Dwight Bridges (Pro Se), Attorney for Appellant.
Office of the Attorney General, by W. Glenn Watts, Jackson, Attorney for Appellee.
Before KING, C.J., ROBERTS and CARLTON, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. On September 6, 1996, Dwight Bridges went before the Jefferson Davis County Circuit Court and pleaded guilty to kidnaping and armed robbery. Over ten years later, Bridges filed a petition for post-conviction collateral relief. The circuit court found that Bridges's petition was time-barred. Accordingly, the circuit court dismissed Bridges's petition. Aggrieved, Bridges appeals. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On May 16, 1996, the Jefferson Davis County grand jury returned an indictment against Bridges, charging him with two counts of aggravated assault, two counts of armed robbery, two counts of kidnaping, and one count of burglary. On September 6, 1996, Bridges pleaded guilty to one count of kidnaping and one count of armed robbery.
¶ 3. Incident to the kidnaping charge, the Jefferson Davis County Circuit Court sentenced Bridges to thirty years with ten years suspended and twenty years to serve. As for Bridges's armed robbery charge, the circuit court sentenced Bridges to thirty years with fifteen years suspended and fifteen years to serve. Additionally, the circuit court set Bridges's sentence for armed robbery to run consecutively with his sentence for kidnaping.
¶ 4. On March 3, 2007, Bridges filed a Motion for Post-Conviction Relief to Vacate and Set Aside Conviction and Sentence. Bridges claimed the circuit court sentenced him excessively. He noted that he was thirty-nine years old at the time he *226 was sentenced. Bridges further noted that he was sentenced to thirty years with ten years suspended and twenty to serve, as well as thirty years with fifteen years suspended and fifteen to serve to run consecutively with his first sentence.
¶ 5. Bridges claimed: (a) the circuit court's sentence was excessive because his remaining life expectancy was 50.37 years, (b) the circuit court improperly suspended portions of his sentences, (c) the circuit court failed to advise him that he could file a direct appeal of his sentence, and (d) his attorney rendered ineffective assistance of counsel. The circuit court found that Bridges was time-barred. Therefore, the circuit court declined to consider the merits of Bridges's petition and dismissed Bridges's petition for post-conviction relief. Aggrieved, Bridges now appeals.

STANDARD OF REVIEW
¶ 6. When reviewing a circuit court's decisions incident to a petition for post-conviction relief, we will not disturb the circuit court's factual decisions unless they are clearly erroneous. Gatewood v. State, 909 So.2d 754(¶ 3) (Miss.Ct.App.2005). However, we conduct a de novo review of questions of law. Id.

ANALYSIS

WHETHER BRIDGES'S MOTION FOR POST-CONVICTION RELIEF TO VACATE AND SET ASIDE CONVICTION AND SENTENCE IS TIME-BARRED.
¶ 7. Bridges was obligated to file a petition for post-conviction relief "within three (3) years after entry of the judgment of conviction." Miss.Code Ann. § 99-39-5(2) (Rev.2007). On September 6, 1996, Bridges pleaded guilty to one count of armed robbery and one count of kidnaping. The circuit court sentenced Bridges and entered an order of conviction on September 30, 1996. That order of conviction was filed on October 2, 1996. Bridges filed his petition for post-conviction relief on March 3, 2007.
¶ 8. We cannot find that the circuit court erred when it found that Bridges's petition was time-barred. Bridges waited nine and one-half years before he filed his petition for post-conviction relief. Further, Bridges does not claim that his appeal falls under any of the listed exceptions for out-of-time petitions as listed in section 99-39-5(2), and he has not demonstrated an intervening decision that would adversely affect the outcome of his sentence. Accordingly, we affirm the circuit court's decision.
¶ 9. THE JUDGMENT OF THE JEFFERSON DAVIS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON DAVIS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.