GRIFFIS, P.J.,
for the Court:
¶ 1. Chris Cosner appeals the circuit court’s dismissal of his second motion for post-conviction collateral relief (PCR). Cosner argues the Mississippi Department. of Corrections (MDOC) erred when it deemed his failure to register as a sex offender as a “sex crime” and his conviction of possession with intent as a crime of *112 violence. Cosner argues that this treatment makes his sentence mandatory day-for-day and makes him ineligible for parole, meritorious earned time, and trusty status. His second PCR motion is based on the same grounds as his first PCR motion, but with different named defendants. We find no error and affirm.
FACTS
¶2. On February 6, 2009, Cosner pled guilty to three charges: (1) possession of greater than 500 grams of marijuana (schedule I) with intent to sell, transfer, or distribute; (2) possession of greater than 100 dosage units of Alprazolam (schedule IV) with intent to sell, transfer, or distribute; and (3) failure to register as a sex offender.
¶ 3. Cosner filed his first PCR motion on December 7, 2009. In this motion, Cosner argued that he would not have pled guilty if he had been told that he would have to serve day-for-day and that his charges were considered violent. He also argued he was under mental duress at the time of his plea and that his counsel was ineffective. An evidentiary hearing was scheduled for August 13, 2010. On the morning of the hearing, Cosner decided to withdraw his motion before the hearing began.
¶ 4. Cosner then filed his federal habeas petition on November 15, 2010. He admitted that he had “not pursued an appeal or completed post-conviction remedies available to him in state court.”
¶ 5. On October 7, 2011, Cosner filed his second PCR motion. In this motion, Cos-ner stated that he withdrew his first motion because, after he spoke to his appointed counsel, he “decided that he was addressing his [PCR] motions in the wrong way.”
¶ 6. Here, Cosner expressly admits that his first PCR motion argued that his offenses were non-violent and did not carry day-for-day sentences. This is the same argument presented in this motion. Cos-ner repeated, in his first and second PCR motions, that he thought he would serve four years of his eight-year sentence.
¶ 7. In addition, in this motion, Cosner named different defendants and argued that this motion should not be barred. The first motion named the State of Mississippi as the defendant. This motion named “Christopher Epps, Commissioned,] and [the] Mississippi Department of Corrections” as the defendants.
¶ 8. The circuit court’s order stated that Cosner asserted that MDOC was not following statutory provisions for the classifications of inmates. The circuit court denied Cosner’s motion and found it was procedurally barred as a successive writ. The circuit court also noted that the review of the classification of inmates that Cosner requested was solely within the administrative purview of the MDOC.
STANDARD OF REVIEW
¶ 9. We will not reverse a circuit court’s dismissal of a motion for post-conviction collateral relief unless the circuit court’s decision was clearly erroneous. Madden v. State, 75 So.3d 1130, 1131 (¶ 6) (Miss.Ct.App.2011) (citation omitted). When reviewing questions of law, this Court’s standard of review is de novo. Id. (citation omitted).
ANALYSIS
¶ 10. The circuit court properly dismissed Cosner’s motion for post-conviction relief because Cosner raises issues of inmate classification that are within the administrative purview of the MDOC and not an issue properly brought in a PCR motion.
¶ 11. Mississippi Code Annotated section 99-39-23(6)(Supp.2011) bars successive motions made under the Mississippi Uniform Post-Conviction Collateral Relief *113 Act. “[A]ny order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion....” Miss.Code Ann. § 99-39-23(6) (emphasis added). However, there are exceptions to this bar:
Excepted from this prohibition is a motion ... raising the issue of the offender’s supervening mental illness before the execution of a sentence of death.... Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole[,] or conditional release has been unlawfully revoked.

Id.

¶ 12. The order that dismissed Cosner’s first motion was “any order dismissing the petitioner’s motion.” The statute does not address when a motion is dismissed voluntarily or otherwise without a hearing on the merits. The statute’s language states “any order dismissing.”
¶ 13. A petitioner who files a second PCR motion must demonstrate that he meets an exception in section 99-39-23(6). Johnson v. State, 962 So.2d 87, 89 (¶ 11) (Miss.Ct.App.2007). “The burden of proving that no procedural bar exists falls squarely on the petitioner.” Crawford v. State, 867 So.2d 196, 202 (¶ 7) (Miss.2003). Cosner argues that the circuit court incorrectly dismissed his second PCR motion because his sentences should have expired.
¶ 14. Cosner claimed a denial of “due process of law rights and double jeopardy for punitive punishment for a crime already consummated.” Cosner’s sentence expiration argument is a challenge to MDOC’s policies. Practically speaking, Cosner requested a review of his inmate classification. “For many such questions regarding confusion about the operation of the state’s system of incarceration, the proper procedure is for a prisoner to seek relief through the administrative processes of the Department of Corrections.” Burns v. State, 933 So.2d 329, 331 (¶ 9) (Miss.Ct.App.2006) (citing Miss.Code Ann. §§ 47-5-801-47-5-807 (Rev.2004)).
¶ 15. Agency procedures first, rather than post-conviction collateral relief, govern certain issues like inmate classification. Id. (citing Lewis v. State, 761 So.2d 922, 923 (¶¶ 3-4) (Miss.Ct.App.2000)). Classification of inmates is not an issue properly brought in a PCR motion; rather, it is within the administrative purview of the MDOC. Cosner should pursue administrative remedies available through the procedures of the MDOC. Therefore, we find no error and affirm.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.