# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00922-COA

MELISSA WEBSTER A/K/A MELISSA ELAINE WEBSTER                    APPELLANT

v.

STATE OF MISSISSIPPI                                            APPELLEE


DATE OF JUDGMENT:             03/26/2013
TRIAL JUDGE:                  HON. ROBERT P. KREBS
COURT FROM WHICH APPEALED:    JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       MELISSA WEBSTER (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: SCOTT STUART
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:      MOTION FOR POST-CONVICTION RELIEF
                              DISMISSED
DISPOSITION:                  AFFIRMED - 12/09/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## CONSOLIDATED WITH

## NO. 2013-CP-01145-COA

MELISSA WEBSTER

                                                     APPELLANT

v.

STATE OF MISSISSIPPI

                                                     APPELLEE


DATE OF JUDGMENT:             04/04/2013
TRIAL JUDGE:                  HON. ROBERT P. KREBS
COURT FROM WHICH APPEALED:    JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       MELISSA WEBSTER (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: SCOTT STUART

NATURE OF THE CASE:         CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:      MOTION FOR POST-CONVICTION RELIEF
                                  DENIED
DISPOSITION:               AFFIRMED
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES, ISHEE AND MAXWELL, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.     Melissa Webster, who is no longer incarcerated, appeals the dismissal of her post-conviction-relief (PCR) motions.[1] She raises a variety of claims[2] but primarily challenges the effectiveness of her counsel and her classification by the Mississippi Department of Corrections (MDOC) as a violent offender. Upon review, we find that the plea colloquy shows Webster was satisfied with her attorney and that Webster failed to adequately support her ineffective-assistance claim. Furthermore, this court not only lacks authority over MDOC's classification of her but we note the classification question is now moot since Webster has been released on parole. Finding neither these nor any of Webster's other appellate arguments merit relief, we affirm.

---

[1] Normally, this would be a successive-writ-bar situation. *See* Miss. Code Ann. § 99-39-23(6) (Supp. 2014). However, the issue raised in her second PCR motion was not available when she filed her first PCR motion, so it is not considered a successive motion. *See Smith v. State*, 648 So. 2d 63, 66 (Miss. 1994).

[2] Webster raises several claims that were not contained in her PCR motions before the circuit court. "A defendant who fails to raise an issue in [her PCR motion] before the trial court may not raise that issue for the first time on appeal." *Marshall v. State*, 136 So. 3d 443, 445 (¶3) (Miss. Ct. App. 2013) (quoting *Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009)). Therefore, we limit our review to those issues raised in the circuit court. Also, we note that Webster improperly attached documents to her brief that are not part of the trial record. These documents are also outside of our review. *See McClendon v. State*, 124 So. 3d 709, 711 n.2 (Miss. Ct. App. 2013).

**Facts and Procedural History**

¶2.    On January 23, 2012, Webster entered guilty pleas to three counts of exploitation[3] of a vulnerable adult. On March 29, 2012, she was sentenced to ten years, with eight years to serve and two years of post-release supervision, with all counts to run concurrently.

¶3.    On October 5, 2012, Webster filed a PCR motion, arguing her trial attorney was ineffective and that she was never read her *Miranda*[4] rights. On March 26, 2013, the circuit court entered an order dismissing Webster's PCR motion. Two days later, on March 28, 2013, Webster filed a "motion for reconsideration of sentence," which the circuit court treated as a PCR motion. In this second motion, Webster did not challenge her conviction or sentence but instead argued she should have been granted ISP (house arrest) because she did not violate any jailhouse rules. She also insisted that MDOC erred in classifying her as a violent offender since she was only convicted of exploitation of a vulnerable adult and not abuse. On April 5, 2013, the circuit court entered an order denying her second PCR motion.

¶4.    On May 16, 2013, Webster appealed both the March 26, 2013 order and the April 5,

---

[3] Mississippi Code Annotated section 43-47-19(1) (Supp. 2014) makes it "unlawful for any person to abuse, neglect[,] or exploit any vulnerable person." And "where the value of the exploitation is [$250.00] or more, the person who exploits a vulnerable person shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment in the custody of the [MDOC] for not more than ten (10) years." Miss. Code Ann. § 43-47-19(2)(b). "'Exploitation' means the illegal or improper use of a vulnerable person or his resources for another's profit, advantage[,] or unjust enrichment, with or without the consent of the vulnerable person, and may include actions taken pursuant to a power of attorney. 'Exploitation' includes, but is not limited to, a single incident." Miss. Code Ann. § 43-47-5(i) (Supp. 2014).

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2013 order by filing separate notices of appeal.[5] The matters are now consolidated.[6]

**Discussion**

¶5. "In considering the denial of a PCR motion, 'we review the trial court's findings of fact for clear error and its determinations of law de novo.'" *Ducksworth v. State*, 134 So. 3d 792, 794 (¶3) (Miss. Ct. App. 2013) (quoting *Wilkerson v. State*, 89 So. 3d 610, 613 (¶7) (Miss. Ct. App. 2011)). The "PCR movant bears the burden of showing he is entitled to relief by a preponderance of the evidence." *Id*.

**I.      Ineffective Assistance of Counsel**

¶6. In her first PCR motion, Webster raised an ineffective-assistance-of-counsel claim, which was denied. She again raises this issue on appeal, arguing her counsel was ineffective for failing to contact witnesses, file motions, and seek discovery. She also complains that her attorney only met with her once. However, she does not say what witnesses should have been contacted or what they would have said that would have favorably affected her outcome. Nor does she tell us what motions should have been filed, though she does mention a violation of *Miranda* rights, which we discuss below.

¶7. To prove ineffective assistance of counsel, Webster must show that (1) her counsel's performance was deficient, and (2) this deficiency prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The burden of proof rests with Webster to show both prongs. *Willis v. State*, 66 So. 3d 740, 745 (¶21) (Miss. Ct. App. 2011). And "[u]nder

---

[5] Having previously found Webster showed good cause for her untimely appeals, we allowed her to proceed under Mississippi Rule of Appellate Procedure 2(c).

[6] Webster was released on parole on June 13, 2014.

4

*Strickland*, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance." *Id*. (citing *Strickland*, 466 U.S. at 689).

¶8.     A PCR movant must allege facts pointing toward counsel's deficient performance with "specificity and detail." *Kinney v. State*, 737 So. 2d 1038, 1041 (¶8) (Miss. Ct. App 1999) (citing *Cole v. State*, 666 So. 2d 767, 777 (Miss. 1995)).  In PCR cases, "where a party offers only [her] affidavit, then [her] ineffective assistance of counsel claim is without merit." *Brooks v. State*, 89 So. 3d 626, 628 (¶6) (Miss. Ct. App. 2011) (quoting *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)).  Here, Webster did not even provide affidavits or any other viable evidence to support her ineffective-assistance claim.  Instead, she offered only her bare assertions in her motions and appellate briefs, which are inadequate.  *See Bell v. State*, 117 So. 3d 661, 664 (¶11) (Miss. Ct. App. 2013).

¶9.     Even so, we find the plea colloquy refutes her ineffective-assistance claim.  When asked whether she was satisfied with the services of her attorney, Webster said, "Yes, sir." Webster also agreed that her attorney properly advised her in her best interests.  And when asked whether she had any complaints about her attorney, she replied in the negative.  So her ineffective-assistance claim was not specifically alleged nor proven.  Thus, we find no error in the trial judge denying it.

## II.     Fifth Amendment Violation

¶10.   Webster also argues that her Fifth Amendment rights were violated because investigators lied to her and threatened her.  But again she offers nothing more than broad assertions without even specifying what lies or threats were made.  She also alleges she was not read her *Miranda* rights and that investigators continued to interrogate her even though

5

she had requested an attorney.

¶11.    Again these accusations were not even reduced to a sworn affidavit, much less proved by another source.  We are also confronted by the fact that there was no trial.  Instead, these post-conviction challenges were made after Webster voluntarily entered guilty pleas.  And a "valid guilty plea acts as a waiver of all non-jurisdictional defects, such as 'those rights secured by the Fifth, Sixth, and Fourteenth Amendments.'" *Cane v. State*, 109 So. 3d 568, 571 (¶9) (Miss. Ct. App. 2012); *see also Montalto v. State*, 119 So. 3d 1087, 1096 (¶20) (Miss. Ct. App. 2013) (noting that a valid guilty plea waives claims involving violations of *Miranda* rights).  Because Webster entered guilty pleas and does not challenge the validity of those pleas, this issue is waived.

### III.    MDOC's Classification as Violent Offender

¶12.    In her second PCR motion, Webster argued that the MDOC erroneously classified her as a violent offender when it denied her parole.  However, "[c]lassification of inmates is not an issue properly brought in a PCR motion." *Cosner v. State*, 111 So. 3d 111, 113 (¶15) (Miss. Ct. App. 2013).  Instead, Webster's claims properly fell "within the administrative purview of the MDOC." *Id*.  But perhaps more importantly, Webster has since been released on parole, so now her inmate-classification challenge is moot.  *See Beals v. State*, 139 So. 3d 776, 777 (¶8) (Miss. Ct. App. 2014) (MDOC changed an inmate's classification status to reflect parole eligibility while the appeal was pending.  Since no controversy existed, the challenge was deemed moot.).

¶13.    After review, we find the circuit court properly dismissed Webster's PCR motion and affirm.

6

¶14.  **THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.**