# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01810-COA

AKIVA KAREEM CLARK A/K/A AKIVA CLARK                          APPELLANT

v.

STATE OF MISSISSIPPI                                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/10/2014 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | AKIVA KAREEM CLARK (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | GRANTED IN PART AND DISMISSED WITH PREJUDICE IN PART THE MOTIONS FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/03/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., BARNES AND ISHEE, JJ.

### LEE, C.J., FOR THE COURT:

### FACTS AND PROCEDURAL HISTORY

¶1. This case concerns the postconviction claims of Akiva Kareem Clark. On July 29, 2005, Clark pleaded guilty in the Pike County Circuit Court to Count I, accessory after the fact to armed robbery, and Count II, conspiracy to commit armed robbery in cause number 2005-256-PKS. The trial court sentenced Clark to five years on each count, to run consecutively to each other, and to serve the first three years of Count I and the first two years of Count II in the custody of the Mississippi Department of Corrections (MDOC). The

suspended portion (two years on Count I and three years on Count II) was to be served as postrelease supervision (PRS). The trial court also ordered Clark banished from the state upon release from the MDOC.

¶2. The same day, Clark also pleaded guilty to Count I, possession of a firearm by a convicted felon, and Count II, possession of stolen property, in cause number 2005-271-PKS. The trial court sentenced Clark to three years on Count I and ten years on Count II, to run consecutively to each other, and to serve the first two years on Count I and the first three years on Count II in the custody of the MDOC. The suspended portion (one year on Count I and seven years on Count II) was to be served as PRS. The sentences in cause numbers 2005-256-PKS and 2005-271-PKS were ordered to be served consecutively.

¶3. On March 4, 2014, Clark pleaded guilty to four counts of the sale of a controlled substance in cause number 2013-302-PKS. He was sentenced to twenty years on each count, with the sentences to run concurrently, and ordered to serve ten years, with the remaining ten years suspended. During his sentencing hearing, Clark waived his right to a formal revocation hearing and admitted that the guilty plea violated his PRS. Thus, the trial court ordered him to serve the remaining sentences in cause numbers 2005-256-PKS and 2005-271-PKS. The trial court ordered Clark to serve the remainder of his sentences concurrently with the sentences imposed in cause number 2013-302-PKS.

¶4. In October 2014, Clark filed eight separate motions for postconviction relief (PCR) addressing each of his prior convictions (two counts in cause number 2005-256-PKS, two counts in cause number 2005-271-PKS, and four counts in cause number 2013-302-PKS).

On December 10, 2014, the trial court issued an order finding the sentencing court's order of banishment was improper and vacated that portion of Clark's sentence. The trial court dismissed the remainder of Clark's PCR motions with prejudice.

¶5. Clark now appeals, arguing the following: (1) his right to a "speedy sentence" was violated; (2) the trial court erred in banishing him from the state; (3) his sentences exceed the maximum; and (4) his 2005 sentencing proceeding was illegal.[1]

## STANDARD OF REVIEW

¶6. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶7. As an initial matter, the State contends that Clark violated the one-judgment rule. Mississippi Code Annotated section 99-39-9 (Rev. 2015) states that a PCR motion "shall be limited to the assertion of a claim for relief against one (1) judgment only. If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions." The record indicates Clark filed eight separate PCR motions, with each motion addressing one conviction. Thus, Clark complied with section 99-39-9.

    I.    **"Speedy Sentence"**

---

[1] Clark has filed a motion asking the Mississippi Supreme Court to retain and rule on his appeal. Pursuant to Mississippi Rule of Appellate Procedure 16(e), this Court cannot reassign Clark's appeal to the supreme court. However, since the two issues Clark raised in his motion are the same as issues I and II on appeal, we will address the merits.

¶8. In his first issue on appeal, Clark claims the State violated his right to a "speedy sentencing" by failing to enforce the terms of his banishment. Clark argues the right to be timely sentenced is encompassed within a defendant's right to a speedy trial. According to Clark, once he was released from MDOC custody, the banishment portion of his sentence was never enforced.

¶9. In this instance, there was no delay in sentencing Clark. The trial court imposed a sentence at the time of Clark's guilty plea in 2005, and this sentence included banishment. The banishment may not have been enforced, but we do not find this triggers any due-process concerns. Since the trial court's December 10, 2014 order vacated the banishment portion of the 2005 sentence, we find this issue without merit.

## II. Banishment

¶10. Clark next argues that the trial court violated his constitutional rights when it included banishment in his 2005 sentence. However, since the trial court vacated the banishment portion of Clark's sentence in 2014, we find this issue moot.

## III. Maximum Sentences

¶11. Clark claims the sentences imposed during his revocation exceeded the maximum allowed by statute. After pleading guilty on March 4, 2014, the trial court revoked Clark's PRS and ordered him to serve the remaining sentences on cause numbers 2005-256-PKS and 2005-271-PKS.[2] The remaining sentences were ordered to be served concurrently with each

---

[2] This included two years to serve on the accessory conviction, three years to serve on the conspiracy conviction, one year to serve on the conviction for felon in possession of a firearm, and seven years to serve on the stolen-property conviction.

other and concurrently with the four convictions for sale of a controlled substance. Ultimately, the total time Clark was ordered to serve was ten years.[3]

¶12.    The versions of the statutes in effect at the time Clark committed his crimes in 2005 provided the following maximum sentences: five years for conspiracy; five years for accessory; three years for felon in possession of a firearm; and ten years for possession of stolen property. *See* Miss. Code Ann. §§ 97-1-1, 97-1-5, 97-37-5 & 97-17-70 (Rev. 2006). Clark's sentences, including time spent on PRS, fell within the statutory guidelines in effect at the time.

¶13.    Clark also makes a vague claim about a miscalculation of his sentence on his MDOC time sheets.    The trial court determined that Clark did not show he exhausted the administrative remedies as required by Mississippi Code Annotated section 47-5-803(2) (Rev. 2015).  In his record excerpts, Clark has included documents in support of this claim, but these documents were not provided to the trial court before it ruled on Clark's PCR motions.  Thus, they are outside our review. *See Webster v. State*, 152 So. 3d 1200, 1202 n.2 (Miss. Ct. App. 2014).

### IV.    2005 Sentencing Hearing

¶14.    In his final issue on appeal, Clark argues his 2005 sentences were "undefined as to PRS and banishment."   However, the 2005 sentencing orders clearly set out Clark's sentences in regard to the length of time he was ordered to serve, the suspended portions of the sentences, and PRS.  As previously stated, the banishment provision was vacated.  This

---

[3] To reiterate, Clark had been sentenced to twenty years on each count, with ten years to serve on each count.  All four sentences were to be served concurrently.

issue is without merit.

¶15.   **THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT GRANTING IN PART AND DISMISSING IN PART THE MOTIONS FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**