# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00430-COA

**CLARENCE LOVETT A/K/A CLARENCE LAMAR LOVETT**                                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                          APPELLEE

DATE OF JUDGMENT:                 02/13/2017
TRIAL JUDGE:                      HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:        PIKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:           CLARENCE LOVETT (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                  BY: BILLY L. GORE
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                      AFFIRMED: 08/07/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., FAIR AND TINDELL, JJ.

### FAIR, J., FOR THE COURT:

¶1.   Clarence Lovett pled guilty to two counts of sexual battery. The victim was impregnated around her fourteenth birthday, and Lovett—who was in his forties at the time—was established by DNA testing to be the child's father. At the plea hearing, the prosecutor stated the victim would testify Lovett had been having sex with her since she was nine years old. Lovett's plea was made without an agreed recommendation, leaving his sentences up to the circuit court, which ultimately sentenced Lovett to twenty-five years on each count, to be served consecutively.

¶2.   Lovett filed a motion for post-conviction relief alleging he received constitutionally

ineffective assistance of counsel because his attorney failed to file a motion for discovery. Lovett also alleged his attorney "forced" him to plead guilty by telling him it was his "best option" and he "would get one hundred years" otherwise. The circuit court dismissed the motion without an evidentiary hearing, concluding that even if Lovett's claims were true, they did not amount to ineffective assistance of counsel.

¶3. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the movant must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶4. Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Id*.

¶5. To succeed on an ineffective-assistance-of-counsel claim, Lovett must meet both prongs of the test laid out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), as adopted by the Mississippi Supreme Court in *Stringer v. State*, 454 So. 2d 468, 476-78 (Miss. 1984). "First, the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. Second, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶6.    As to Lovett's claim regarding the motion for discovery, the circuit court observed in its order dismissing Lovett's PCR motion:

> [T]he Fourteenth Judicial District has an open discovery rule, so his attorney's failure to Move for Discovery only demonstrates his attorney's expertise with Fourteenth District practice.  It would not be wrong for an attorney to file a Motion for Discovery in the Fourteenth District, but it is wholly unnecessary, and is the exception, rather than the rule.

¶7.    Furthermore, Lovett does not identify any particular evidence his attorney would have discovered if he had filed the motion, nor does Lovett explain how the failure to file a motion for discovery affected his defense in any other way.  Consequently, he fails the second *Strickland* prong, which requires that Lovett show that the alleged error affected the outcome of his case.

¶8.    Lovett also admits in his brief on appeal that he was aware of the motion for discovery issue and had asked his initial, court-appointed attorney to file such a motion.  Lovett then retained an attorney himself, but he does not say whether he requested that the attorney file the motion.  Regardless, at the plea hearing, Lovett admitted under oath that he was satisfied with the representation of both attorneys.  Lovett was then specifically asked by the circuit judge whether he had "reviewed the State's discovery material" with his attorney; Lovett answered that he had.

¶9.    No hearing is required "where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that

3

the affidavit is a sham." *Wright v. State*, 577 So. 2d 387, 390 (Miss. 1991).

¶10.    As to Lovett's contention that he was "forced" into the plea by his attorney, his PCR motion just alleged the attorney told him pleading guilty without an agreed recommendation would be "[his] best option" and he "would get one hundred years" if he did not plead guilty. First of all, this claim is only supported by Lovett's own affidavit, without any attempt to show good cause as to why it could not be fully substantiated. A claim of ineffective assistance of counsel supported only by the movant's own affidavit fails to meet the pleading requirements of the PCR statute. *See Vitela v. State*, 183 So. 3d 104, 108 (¶14) (Miss. Ct. App. 2015).

¶11.    Otherwise, Lovett still fails to articulate a colorable claim of ineffective assistance of counsel in this aspect—the fact that his attorney thought pleading guilty was Lovett's best shot at leniency can hardly be called ineffective assistance given the nature of the offenses and the strength of the evidence proffered by the State. Moreover, the transcript reflects that Lovett admitted under oath no one "threatened, abused, or promised [him] anything to cause [him] to plead guilty" and he was "satisfied the State can prove beyond a reasonable doubt that [he is] guilty of the crimes to which [he is] pleading guilty."

¶12.    In his brief on appeal, Lovett makes additional factual assertions and raises additional issues, but they were not presented in his motion for post-conviction relief and are barred as a result. *Gardner v. State*, 531 So. 2d 805, 808-09 (Miss. 1994).

¶13.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**