# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00489-COA

JUSTIN DALE PETERSON A/K/A JUSTIN PETERSON
APPELLANT

v.

STATE OF MISSISSIPPI
APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/25/2019 |
| TRIAL JUDGE: | HON. CLAIBORNE McDONALD |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JUSTIN DALE PETERSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/28/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE J. WILSON, P.J., TINDELL AND C. WILSON, JJ.

### TINDELL, J., FOR THE COURT:

¶1. Justin Peterson appeals from the denial of his second motion for post-conviction collateral relief (PCR) by the Pearl River County Circuit Court. Because we find that Peterson's motion is both time-barred and successive-writ barred and that no exception applies, we affirm the circuit court's judgment.

### FACTS

¶2. On March 5, 2012, Peterson pled guilty to one count of armed robbery. On March 12, 2012, the circuit court sentenced Peterson to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC), with twenty years to serve and five years

of post-release supervision. On March 3, 2014, Peterson filed his first PCR motion and challenged his conviction and sentence on the ground that his plea was involuntary and induced by his attorney's alleged guarantee of an eight-year sentence. *Peterson v. State*, 262 So. 3d 1167, 1168 (¶1) (Miss Ct. App. 2018). The circuit court denied Peterson's first PCR motion, and on appeal, this Court affirmed. *Id.* at 1168-69 (¶1).

¶3. On March 3, 2017, almost five years after pleading guilty to armed robbery, Peterson filed his second PCR motion. In this second motion, Peterson asserted (1) the circuit court lacked jurisdiction to impose his conviction and sentence; (2) he was sentenced without due process; (3) the pre-sentence investigation (PSI) report's absence from the record violated his due process rights; and (4) ex parte communications during the sentencing phase violated the Mississippi Code of Judicial Conduct and his right to confront the witnesses against him. The circuit court denied Peterson's current PCR motion as both time-barred and successive-writ barred. Aggrieved, Peterson appeals.

## STANDARD OF REVIEW

¶4. "When reviewing a trial court's denial or dismissal of a motion for PCR, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review legal conclusions under a de novo standard of review." *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015). A PCR movant must show by a preponderance of the evidence that he is entitled to relief. *Wilkerson v. State*, 89 So. 3d 610, 613 (¶7) (Miss. Ct. App. 2011).

## DISCUSSION

### I.     Procedural Bars

2

¶5.     Upon review, we first find that Peterson's current PCR motion is time-barred.  In the case of a guilty plea, a PCR motion must be filed within three years after the entry of a judgment of conviction.  Miss. Code Ann. § 99-39-5(2) (Rev. 2015).  Peterson pled guilty and was sentenced in March 2012.  Peterson filed his current PCR motion on March 3, 2017, which is outside the three-year statute of limitations.  Therefore, Peterson's motion is time-barred.

¶6.     Peterson's current motion is also successive-writ barred since it is his second PCR motion.  *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2015) (providing that a "second or successive motion" brought under the Uniform Post-Conviction Collateral Relief Act is barred).  A dismissal or denial of a PCR motion is a final judgment that bars a second or successive motion.  *Id.*  Peterson previously filed an unsuccessful PCR motion in 2014.  As stated, this Court affirmed the denial of that PCR motion on appeal.  *Peterson*, 262 So. 3d at 1168-69 (¶1).  Peterson then filed his second PCR motion on March 3, 2017.  Mississippi statutory law grants each movant "one bite at the apple when requesting post-conviction relief."  *Dobbs v. State*, 18 So. 3d 295, 298 (¶9) (Miss. Ct. App. 2009).  Given that Peterson previously filed an unsuccessful PCR motion and that Mississippi statutory law prohibits a movant from filing a second PCR motion, Peterson's current motion is successive and therefore barred.

## II.     Merits of the Claims

¶7.     Although Peterson's current PCR motion is procedurally barred, he contends that an exception applies.  To establish an exception, Peterson must show a violation of one of his

3

fundamental constitutional rights. *See Rowland v. State*, 42 So. 3d 503, 507 (¶11) (Miss. 2010). Peterson asserts that his claims are excepted because his fundamental rights to due process and to confront the witnesses against him were violated at sentencing.[1]

¶8. The following "fundamental-rights exceptions have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right to not be subject to ex post facto laws." *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018), *cert. denied*, 265 So. 3d 181 (Miss. 2019). Although Peterson makes multiple claims in an attempt to demonstrate how his fundamental rights were violated, "'the mere assertion of a constitutional[-]right violation' does not trigger the exception." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (quoting *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009)). "The burden of proving that no procedural bar exists falls squarely on the petitioner." *Cosner v. State*, 111 So. 3d 111, 113 (¶13) (Miss. Ct. App. 2013). Because Peterson has failed to substantiate his claim that a fundamental-rights exception exists, we find that his PCR motion lacks merit.

## CONCLUSION

¶9. After reviewing the record, we find no error in the circuit court's denial of Peterson's current PCR motion. Peterson's PCR motion is both time-barred and successive-writ barred,

---

[1] Although Peterson makes no argument that a statutory exception to the procedural bars applies, we acknowledge that the following statutory exceptions exist: (1) an intervening decision of either the United States or Mississippi Supreme Courts; (2) any newly discoverable evidence; (3) the expiration of the petitioner's sentence; or (4) an unlawful revocation of the petitioner's probation, parole, or conditional release. Miss. Code Ann. § 99-39-5(2)(a)-(b).

and he has failed to prove that an exception applies.  We therefore affirm the circuit court's judgment.

¶10.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**