# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-01145-COA

**PARVIS KING**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/13/2021 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA ANN STEWART |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/08/2022 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., McCARTY AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     Parvis King appeals from the Madison County Circuit Court's order denying his motion for post-conviction collateral relief (PCR). Finding no error, we affirm.

## FACTS

¶2.     A Madison County grand jury indicted King as a violent habitual offender for possession of a firearm by a felon. Due to the nature of the charge and his status as a violent habitual offender, King faced a sentence of life imprisonment. At his plea hearing, King pled guilty to the charge as a non-violent habitual offender. After finding that King had entered his guilty plea voluntarily, knowingly, and intelligently and that the State had presented a factual basis for the charge against King, the circuit court accepted King's guilty plea. The

circuit court also accepted the State's recommendation to sentence King as a non-violent habitual offender to ten years in the custody of the Mississippi Department of Corrections.

¶3. King filed a PCR motion and asserted his trial attorney had provided ineffective assistance of counsel by incorrectly advising him that he was pleading guilty to the charge of a felon in possession of a weapon as a non-habitual offender. King further asserted that because of his attorney's incorrect legal advice, he had not entered his guilty plea voluntarily, knowingly, and intelligently. The circuit court denied King's PCR motion without conducting an evidentiary hearing. Aggrieved, King appeals.

**STANDARD OF REVIEW**

¶4. We review a trial court's "dismissal or denial of a PCR motion for abuse of discretion" and "will only reverse if the trial court's factual findings are clearly erroneous." *Bevalaque v. State*, 337 So. 3d 691, 694-95 (¶6) (Miss. Ct. App. 2022). We review questions of law de novo. *Id.*

**DISCUSSION**

¶5. On appeal, King argues the circuit court erroneously denied his PCR motion without conducting an evidentiary hearing on his claims that he involuntarily entered his guilty plea based on his attorney's incorrect advice and that he received ineffective assistance. According to King, he signed his plea petition and pled guilty to the charge of possession of a firearm by a felon on the understanding that he was pleading guilty as a non-habitual offender. Asserting that his trial attorney provided incorrect advice and that but for this incorrect advice he would not have pled guilty, King contends that his guilty plea was

2

involuntary and that his attorney rendered ineffective assistance. To substantiate his claims, King attached to his PCR motion the affidavit of his trial attorney, who avowed that she also understood, and communicated to King, that he would be pleading guilty to the indictment charge as a non-habitual offender. Based on his claims and supporting evidence, King contends he presented sufficient evidence to warrant an evidentiary hearing.

## I. Voluntariness of the Guilty Plea

¶6. "A voluntary guilty plea emanates from the defendant's informed consent. A defendant's assertion that he pled guilty based on his attorney's incorrect advice may vitiate the plea because it indicates the defendant may not have been fully aware of the consequences of the plea." *Hays v. State*, 321 So. 3d 1208, 1212 (¶10) (Miss. Ct. App. 2021) (citations and internal quotation marks omitted). As the movant, King "bears the burden of proving by a preponderance of the evidence that his plea was involuntarily entered." *Id.* (quoting *Thinnes v. State*, 196 So. 3d 204, 208 (¶15) (Miss. Ct. App. 2016)).

¶7. As stated, King supported his PCR claims with more than his own bare assertions by providing a corroborating affidavit from his trial attorney. In such instances "when the movant attaches an affidavit of another who supports the allegation, the trial court may be required to conduct an evidentiary hearing. This Court has held that 'an attack on a facially correct plea may survive summary dismissal if supporting affidavits of other persons are attached.'" *Sylvester v. State*, 113 So. 3d 618, 621 (¶10) (Miss. Ct. App. 2013) (quoting *Mitchener v. State*, 964 So. 2d 1188, 1194 (¶15) (Miss. Ct. App. 2007)).

¶8. "No hearing is required[, however,] 'where an affidavit is overwhelmingly belied by

3

unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham.'" *Lovett v. State*, 270 So. 3d 133, 136 (¶9) (Miss. Ct. App. 2018) (quoting *Wright v. State*, 577 So. 2d 387, 390 (Miss. 1991)). Moreover, "a misunderstanding created by the erroneous advice of defense counsel may be corrected by the circuit court during the voluntariness inquiry." *Castro v. State*, 159 So. 3d 1217, 1220 (¶10) (Miss. Ct. App. 2015). Here, despite the supporting affidavit that King provided from his trial attorney, the record clearly contradicts King's assertion that he involuntarily pled guilty based on incorrect advice from his attorney.

¶9. As discussed, the grand jury indicted King as a violent habitual offender for possession of a firearm by a felon. King's signed plea petition, though, contained a handwritten notation by his trial attorney that the State's sentencing recommendation would be "10 years to serve as a non[-]habitual offender . . . ." On appeal, King points to the plea petition as proof that he and his trial attorney believed he was entering his plea as a non-habitual offender. The record also contains, however, a sua sponte order from the circuit court stating that "to enter a plea of guilty with a recommendation from the State as to sentence," the defendant must attach "a copy of the State's recommendation letter . . . to the guilty plea petition." In compliance with the circuit court's order, King and his trial attorney attached to the plea petition the district attorney's plea-offer letter. In the letter, the district attorney's office clearly stated it would recommend a sentence of '[t]en (10) years in the custody of the Department of Corrections, as a non-violent habitual offender . . . ." Both

4

King and his trial attorney signed the letter at the bottom.

¶10. In addition to the plea-offer letter that King and his attorney signed and attached to the plea petition, the transcript from King's plea hearing reflects that the circuit court and the State repeatedly addressed King's status as a non-violent habitual offender prior to the circuit court's acceptance of King's guilty plea. For instance, after the circuit court discussed with King the constitutional rights King would waive by pleading guilty, the following exchange occurred:

| | |
|---|---|
| Circuit Court: | And is it your desire to waive and give up these rights and proceed with your guilty plea? |
| King: | Yes, sir. |
| Circuit Court: | Do you understand that possession of a firearm by a convicted felon carries a zero to $5,000 fine and one to ten -- |
| Prosecutor: | I'm sorry, Judge. |
| Circuit Court: | One to ten? |
| Prosecutor: | Yes, sir. |
| Circuit Court: | One to ten years in prison. Do you understand that? |
| King: | Yes, sir. |
| Prosecutor: | **Well, I think the reason I put that is because he's a violent habitual.** |
| Circuit Court: | **Well, indicted as a violent habitual?** |
| Prosecutor: | Yes, sir, and even pleading as a nonviolent the minimum is still ten years. |
| Circuit Court: | **Correct. You do understand that? You are pleading** |

5

|  |  |
|---|---|
|  | **as a nonviolent habitual offender.  You understand that?** |
| King: | **Yes, sir.** |
| Circuit Court: | **And you understand as a habitual offender you'll be doing a hundred percent of this or day-for-day time? Do you understand that?** |
| King: | **Yes, sir.** |

(Emphasis added).

¶11.    After obtaining King's assurances that no one had coerced or persuaded him to plead guilty and that King was satisfied with his trial attorney's representation, the circuit court asked for the State's recommendation.  The following discussion then ensued:

|  |  |
|---|---|
| Prosecutor: | Your Honor, the State would recommend, if [he] wants to plead to the lesser charge of **a nonviolent habitual offender**, to plead to the felon in possession of a firearm and receive a sentence of ten years in the custody of the Mississippi Department of Corrections **as a nonviolent habitual offender** and upon release be responsible for the payment of court costs and statutory fees. |
| Circuit Court: | Is that the recommendation you expected to hear? |
| King: | Yes, sir. |
| Circuit Court: | Counsel, that's what you expected to hear? |
| Defense Attorney: | Yes, Your Honor. |
| Circuit Court: | Do you understand you can't rely on any promise about any percentage of time you'd be required to serve? |
| King: | Yes, sir. |
| Circuit Court: | **And you understand what I just told you about habitual offender?  That it's a day-for-day time?  Do** |

|                |                                                                 |
|----------------|-----------------------------------------------------------------|
|                | **you understand that?**                                        |
| King:          | **Yes, sir.**                                                  |
| Circuit Court: | At this point it's not too late to stop the hearing, but it will be if I accept you[r] guilty plea, and I want to make sure you want to plead guilty. Do you want to plead guilty? |
| King:          | Yes, sir.                                                       |
| Circuit Court: | Do you have any questions?                                      |
| King:          | No, sir.                                                        |
| Circuit Court: | How do you plead to a felon in possession of a firearm **as a nonviolent habitual offender**? Guilty or not guilty? |
| King:          | Guilty.                                                         |
| . . . .        |                                                                 |
| Circuit Court: | The Court finds the defendant's plea of guilty is freely, voluntarily, knowingly, and intelligently made and entered and further finds it has a factual basis. The Court would therefore accept the defendant's plea of guilty and adjudicate him to be guilty of a felon in possession of a firearm **as a nonviolent habitual offender**. Judgment of conviction will be entered. |

(Emphasis added).

¶12. From our review, we find the record contains "unimpeachable documentary evidence" that "overwhelmingly belie[s]" the allegations made by King in his PCR motion and his trial attorney in her affidavit. *Lovett*, 270 So. 3d at 136 (¶9) (quoting *Wright*, 577 So. 2d at 390). Even if King's attorney mistakenly informed him that he could plead guilty as a non-habitual offender, the record undeniably establishes that the circuit court corrected any such erroneous

7

advice prior to accepting King's guilty plea and that King repeatedly acknowledged his understanding of his habitual-offender status prior to entering his plea. Thus, as far as the voluntariness of King's guilty plea is concerned, we find the circuit court committed no error in denying King's PCR motion without conducting an evidentiary hearing on this issue.

## II.     Ineffective-Assistance-of-Counsel Claim

¶13.    To prove ineffective assistance, King "must show that (1) his counsel's performance was deficient, and (2) . . . this deficiency prejudiced his defense." *Hickerson v. State*, 336 So. 3d 1134, 1142 (¶22) (Miss. Ct. App. 2022) (quoting *Bell v. State*, 202 So. 3d 1239, 1242 (¶11) (Miss. 2016)). "In the context of a guilty plea, one must show counsel's errors proximately resulted in the guilty plea and, but for counsel's error, the defendant would not have entered the guilty plea." *Hays*, 321 So. 3d at 1214 (¶16) (quoting *Kennedy v. State*, 287 So. 3d 258, 265 (¶21) (Miss. Ct. App. 2019)).

¶14.    As discussed, despite King's claim that he pled guilty in reliance on his trial attorney's erroneous advice about his non-habitual-offender status, the plea-hearing transcript and related documentary evidence directly contradict his assertion. Not only did King sign the letter containing the district attorney's offer for King to plead guilty as a non-violent habitual offender, but repeatedly throughout the plea hearing, the circuit court and the State discussed and clarified that King was entering his plea as a non-violent habitual offender. And at all relevant times during the plea colloquy, King affirmed his understanding in response to the circuit court's questions that he was pleading guilty as a non-violent habitual offender. He further affirmed to the circuit court that he was entering his plea because he was guilty and

8

that he was pleased with the representation provided by his trial attorney. Based upon King's own admissions under oath, we find he has failed to show that, even if his attorney did provide incorrect legal advice, he would not have pled guilty but for that erroneous advice. Thus, because King has failed to present sufficient proof that his attorney's allegedly deficient performance prejudiced him, we conclude that this issue lacks merit.

## CONCLUSION

¶15. Because we find no clear error or abuse of discretion, we affirm the circuit court's order denying King's PCR motion without an evidentiary hearing.

¶16. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**

9